UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| DONOVAN SIERS, | ) | Civ. 14-4018-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MARTY JACKLEY, South Dakota Attorney General; | ) ) | |
| AARON McGOWAN, Minnehaha County State's Attorney; | ) ) | |
| PETER LIEBERMAN, Circuit Judge at Minnehaha County; | ) ) | ORDER DISMISSING COMPLAINT |
| SARA SHOW, Deputy State's Attorney, Minnehaha County; | ) ) | |
| SHERRI SUNDEM WALD, Deputy Attorney General, official and individual capacity; | ) ) ) | |
| KELLY MARNETTE, Assistant Attorney General, official and individual capacity; and | ) ) ) | |
| JEFFERY P. HALLEM, Assistant Attorney General, official and individual capacity, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Donovan Siers, is an inmate at the Mike Durfee State Prison (MDSP) in Springfield, South Dakota. Siers filed a pro se civil rights lawsuit pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dockets 1, 3. On April 15, 2014, the court granted Siers leave to proceed in forma pauperis and ordered him to pay an initial partial filing fee by May 15, 2014. Docket 11. Siers has since paid the

filing fee. Additionally, Siers has filed a motion to amend or correct his complaint. Docket 13.

The court must now screen Siers's complaint to determine whether any claims should be dismissed. Pursuant to the PLRA, the court must dismiss an action or any portion thereof if the prisoner has raised a claim that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

## STANDARD OF REVIEW

A claim "is frivolous where it lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous when it is "based on an indisputably meritless legal theory" or where the factual contentions "are clearly baseless." *Id.* at 327. The court may dismiss a complaint for failure to state a claim when the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing a complaint for failure to state a claim, "[t]he court must presume that the factual allegations in the complaint are true and accord all reasonable inferences from those facts to the [pleader]." *Valiant-Bey v. Morris*, 829 F.2d 1441, 1443 (8th Cir. 1987) (citing *Holloway v. Lockhart*, 792 F.2d 760, 762 (8th Cir. 1986)).

Pro se complaints, " 'however inartfully pleaded,' [are] held to 'less stringent standards than formal pleadings drafted by lawyers.' " *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *see also Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995) (noting that "civil rights pleadings should be construed liberally"). Nonetheless, a pro se complaint must comply with the minimal requirements set forth in the Federal Rules of Civil Procedure, which specifically require pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a pro se complaint need not contain detailed factual allegations, it must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Simply stated, a pro se complaint must "allege facts sufficient to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The court is not required to "supply additional facts, nor will [it] construct a legal theory that assumes facts that have not been pleaded." *Id.* (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)). If the complaint does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985).

## DISCUSSION

"[T]o state a claim for relief under § 1983, a plaintiff must allege sufficient facts to show '(1) that the defendant(s) acted under color of state law, and (2)

that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right.' " *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (quoting *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009)). In the instant case, Siers claims that defendants executed an unconstitutional, ex post facto law when they strapped him to a chair and forcefully extracted his blood without a warrant, and thereby violated his rights under the Fourth and Eighth Amendments. Docket 1 at 4, 6. Siers also alleges that defendants violated the Fifth Amendment's prohibition on double jeopardy when, during a habeas evidentiary hearing, defendants prosecuted him for a second time and exacted cumulative punishment. *Id.* at 5. In a fourth count, Siers alleges that defendants have violated his due process rights by enforcing "unconstitutional laws of which are also ex post facto laws." *Id.* at 7. To remedy these alleged constitutional violations, Siers requests that the court release him from prison and charge defendants with "deprivation of rights under color of law." *Id.* at 8. Siers also requests that defendants be required to pay for this action. *Id.*

The primary issue raised by Siers's complaint relates to the legality or constitutionality of his current confinement. As the United States Supreme Court has noted, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v.*

4

*Rodriguez,* 411 U.S. 475, 488–90 (1973)). Therefore, because Siers is challenging the fact of his confinement and seeks to be released from prison, he has failed to state a claim upon which relief may be granted pursuant to § 1983. His sole remedy is a writ of habeas corpus. Accordingly, it is

ORDERED that Siers's complaint (Docket 1) is dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915.

IT IS FURTHER ORDERED that Siers's motion to amend or correct complaint (Docket 13) is denied as moot.

Dated June 10, 2014.

        BY THE COURT:

        /s/ *Karen E. Schreier*
        KAREN E. SCHREIER
        UNITED STATES DISTRICT JUDGE